JESSIE PARKER V. MAMIE RODDY.

**Suspicion Divulged to Police by Owner of Stolen Property as to Thief Privileged.**

A suspicion divulged to a police officer by the owner of stolen property as to the person committing the theft is privileged; hence, it cannot be made the basis of an action for slander or false imprisonment.

ERROR to common pleas court.

*Scott Bonham,* for plaintiff in error:

Cited and commented upon by the following authorities:—
*Carey* v. *State,* 70 Ohio St. 121 [70 N. E. Rep. 955]; *Liles* v. *Gaster,* 42 Ohio St. 636; *Lanning* v. *Christy,* 30 Ohio St. 115 [27 Am. Rep. 431]; 1 Cooley, Torts (3 ed.) p. 434; *Garn* v. *Lockard,* 108 Mich. 196 [65 N. W. Rep. 764]; *Shinglemeyer* v. *Wright,* 124 Mich. 231 [82 N. W. Rep. 887; 50 L. R. A. 129]; *Pierce* v. *Oard,* 23 Neb. 828 [37 N. W. Rep. 677]; *Eames* v.

*Whittaker,* 123 Mass. 342; *Wieman* v. *Mabee,* 45 Mich. 484 [40 Am. Rep. 477]; *Toogood* v. *Spyring,* 4 Tyrw. 594; *Drenman* v. *Bigg,* 1 Camp. 269; *Brow* v. *Hathaway,* 13 Allen (Mass.) 242; *Moore* v. *Thompson,* 92 Mich. 498 [52 N. W. Rep. 1000]; *Bacon* v. *Railway,* 66 Mich. 166 [33 N. W. Rep. 181]; *Johnson* v. *Evans,* 3 Esp. 32; Townsend, Lib. & Sland. (4 ed.) p. 298, Sec. 335; *Smith* v. *Kerr,* 1 Barb. (N. Y.) 155; *Grimes* v. *Coyle,* 6 B. Mon. (Ky.) 301; Newell, Lib. & Sland. (2 ed.) p. 500; *Worthington* v. *Scribner,* 109 Mass. 487 [12 Am. Rep. 736]; *Vogel* v. *Gruaz,* 110 U. S. 311 [4 Sup. Ct. Rep. 12; 28 L. Ed. 158]; *Gabriel* v. *McMullin,* 127 Iowa 426 [103 N. W. Rep. 355]; *Christman* v. *Christman,* 36 Ill. App. 567; *Billings* v. *Fairbanks,* 136 Mass. 177; *Chapman* v. *Battle,* 124 Ga. 574 [52 S. E. Rep. 812]; *Howard* v. *Thompson,* 21 Wend. (N. Y.) 325; *Briggs* v. *Garrett,* 111 Pa. St. 404 [2 Atl. Rep. 513; 56 Am. Rep. 274]; *Oliver* v. *Pate,* 43 Ind. 132; *Billings* v. *Fairbanks,* 139 Mass. 66; *United States* v. *United States,* 4 Wash. C. C. 726; *State* v. *Balch,* 31 Kan. 471 [2 Pac. Rep. 609]; *Blair* v. *Burroughs,* 1 O. S. U. 104 (23 Bull. 180); *Torrey* v. *Field,* 10 Vt. 353; *Lake* v. *King,* 1 Saund. R. 130; *Delaney* v. *Jones,* 4 Esp. R. 191; *Harper* v. *Harper,* 73 Ky. (10 Bush.) 447; *Hess* v. *Sparks,* 44 Kan. 465 [25 Pac. Rep. 580; 21 Am. St. Rep. 300]; *Swan* v. *Thompson,* 124 Cal. 194 [56 Pac. Rep. 878]; *Gilman* v. *McClatchy,* 111 Cal. 606 [44 Pac. Rep. 241]; *Stevenson* v. *Ward,* 48 App. Div. 291 62 N. Y. Supp. 717]; Bliss Code Plead. 125; *Anderson* v. *Hill,* 53 Barb. (N. Y.) 238.

*M. C. Lykins,* for defendant in error.

**JONES, J.**

The action below was one for damages by defendant in error against plaintiff in error. The petition contained two causes of action, namely—slander and false imprisonment.

The evidence disclosed that several articles had been stolen from the Parker residence. Shortly thereafter a detective of the city police department called upon Mrs. Parker and it was to him that she first divulged her suspicion that Miss Roddy was the guilty party.

Later interviews with police officers followed in the presence

Parker v. Roddy.

of Miss Roddy and at the trial of the case below the detectives and Miss Roddy were permitted to testify as to accusations made by Mrs. Parker on those occasions. We think these communications were privileged and that it was error to admit them. *Liles* v. *Gaster,* 42 Ohio St. 631, 635, 636; Cooley, Torts 211; 1 Cooley, Torts (3 ed.) 434, 436; *Garn* v. *Lockard,* 108 Mich. 196 [65 N. E. Rep. 764].

Reversed.

**Smith** and **Swing, JJ.,** concur.

---

## EXECUTORS AND ADMINISTRATORS.

[Hamilton (1st) Circuit Court, April 6, 1912.]

Smith, Winch and Jones, JJ.

(Judge Winch of the 8th circuit sitting in place of Judge Swing.)